UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles W. Penland, Sr., # 12904-171, and Mary A. Penland, | C/A No. 6:07-3241-HFF-WMC |
| Plaintiffs, | |
| vs. | **Report and Recommendation** |
| The Governor of South Carolina, State of South Carolina Tax Division of the South Carolina Department of Revenue, Credit Bureau, Inc., and Receiver Saad in Case No. 7:05-cr-710, | |
| Defendants. | |

## Background of this Case

The *pro se* plaintiff in this case is Charles W. Penland, Sr., who is a federal inmate at FCI-Butner serving a 120-month sentence for conspiracy to distribute cocaine and methamphetamine entered in *United States v. Penland*, Criminal No. 7:05-710-HFF (DSC).[1] His wife, who is not incarcerated and is domiciled in Gray Court, South Carolina, is a joint *pro se* plaintiff. The plaintiffs bring this civil action for damages in the amount of $50,000,000.00, alleging that the defendant State of South Carolina Tax Division filed South Carolina tax liens against their properties in error and reported the tax liens to the defendant Credit Bureau, Inc., which caused the plaintiffs to suffer damages. The plaintiffs

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

paid the full three hundred fifty ($350) filing fee in this case. *See* Receipt No. 600003866 (DSC, October 11, 2007).

The plaintiffs alleged basis for jurisdiction in this Court is: "The Penlands say Case # 7:05-710 'forfeiture' gives this Court jurisdiction to hear this law suit." (Compl. at p.3). The plaintiffs assert throughout the Complaint that the defendants or their unnamed employees (i.e., tax collectors) violated plaintiffs' constitutional rights by placing state tax liens on plaintiffs' properties without giving the plaintiffs the notice required by due process. They allege that the defendant South Carolina Tax Division did not follow its own procedural rules and that the unnamed employees acted with malice by placing tax liens when no taxes were owed by the plaintiffs nor assessed by South Carolina Department of Revenue. The plaintiffs allege that defendant Saad, the federal court-appointed receiver, who was supposed to pay any tax liabilities on their properties that he had control of, did not pay tax liabilities, squandered their assets, and has failed to give an accounting.

### *Pro Se* and Prisoner Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. Notwithstanding that the prisoner Charles W. Penland, Sr. paid the full filing fee and joined his wife, a non-prisoner, as a named plaintiff, his claims are subject to review pursuant to the procedural provisions of 28 U.S.C. § 1915(e)(2) and § 1915A. The *pro* se Mary A. Penland's claims are also subject to an initial review by the Court. See *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (noting that § 1915A is restricted to prisoners who sue governmental entities,

officers, or employees, but that § 1915(e)(2) applies to any case filed by a prisoner regardless of whether the prisoner paid the full filing fee); *see also Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing a district court's authority to conduct an initial screening of any *pro se* filing).[2] The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

Section 1915(e)(2) allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

---

[2] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

The plaintiffs are *pro se* litigants, and thus their pleadings are accorded liberal construction. *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980) (*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

### I. *Defendant Credit Bureau, Inc.*

Even liberally construed, the Complaint does not reveal any allegations of wrongdoing by defendant Credit Bureau, Inc. The pleadings only mention that the Credit Bureau, Inc. has incorrect tax liens listed on the plaintiffs' credit reports, but the Complaint does not allege any improper actions by that defendant. It appears that the plaintiffs named the Credit Bureau, Inc. as a defendant only in their effort to correct their credit

reports, hoping that this Court will order that the defendant delete the tax liens from their records. Accordingly, this Court should dismiss the claims against defendant Credit Bureau, Inc. for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

## II. *Defendant Receiver Saad*

The plaintiffs allege that Receiver Saad was appointed in Criminal Action No. 7:05-710 to manage the plaintiff Charles Penland's assets. This Court takes judicial notice of that action and that the Honorable Henry F. Floyd, United States District Judge, did in August 2005, appoint Gerald Saad as the Receiver for certain companies owned by Charles Penland. *See United States v. Charles W. Penland, Sr.*, C/A No. 7:05-cr-710, *aff'd* ___ Fed. Appx. ___, No. 07-4201, 2007 WL 2985299 (4th Cir., October 15, 2007).[3] Defendant Saad is subject to summary dismissal in this case because he has absolute quasi-judicial immunity. During the alleged actions and inaction by this defendant, he was carrying out his duties as court-appointed receiver in Criminal Action No. 7:05-710 pursuant to the Order of the Honorable Henry F. Floyd, United States District Judge.

The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants,

---

[3] Taking judicial notice of another pending case by the plaintiff is appropriate. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties.").

blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992). *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980) (collecting cases on immunity of court support personnel). *Cf. Pink v. Lester*, 52 F.3d 73 (4th Cir.1995) (overruling a 1972 case holding that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings). Defendant Saad, by failing to act in accordance with judicial mandate or court rule, would place himself in contempt of court. *See Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977). Accordingly, defendant Saad is entitled to quasi-judicial immunity in this lawsuit, and he should be summarily dismissed.

### III.  *South Carolina Defendants: the Governor and Tax Division*

The plaintiffs do not allege that the Governor of South Carolina individually acted or failed to act in any way with respect to the plaintiffs. It appears that he is named in his official supervisory capacity as the head of State over the S.C. Department of Revenue. Additionally, the plaintiffs attempt to sue the Tax Division of the South Carolina Department of Revenue. Both of these defendants are arms of the State of South Carolina, and the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a state agency or department. The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another

State, or by Citizens or Subjects of any Foreign State." *E.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62 (2000) (Congress exceeded its authority in making Age Discrimination in Employment Act [ADEA] applicable to States); *Bellamy v. Borders*, 727 F. Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Soc. Serv.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); and *Belcher v. South Carolina Bd. of Corr.*, 460 F. Supp. 805, 808-809 (D.S.C. 1978). *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).

Under *Pennhurst State Sch. & Hosp.*, a state must expressly consent to suit in a federal district court. *Id.* The State of South Carolina has not consented to suit in a federal court. *See* S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State). It is clear that the Governor of South Carolina, who is sued in his official capacity, and the State of South Carolina Tax Division of the South Carolina Department of Revenue both function as an arm of the State. Therefore, those two defendants should be dismissed without prejudice based upon Eleventh Amendment immunity.

Notably, the plaintiffs did *not* name any individual employee of the South Carolina Department of Revenue as a defendant. However, the plaintiffs alleged that unnamed employees of the South Carolina Department of Revenue acted "with malice and outside the scope of employment" by placing tax liens on the plaintiffs' properties when no taxes were owed nor assessed. The undersigned believes that this allegation is "factually frivolous" based upon reading the Complaint in its entirety, which alleges that defendant Saad allegedly failed to pay South Carolina taxes (i.e., certain taxes may have been assessed and owed). Even weighing the factual allegations in the plaintiffs' favor, it appears to the undersigned that the employees of the Department of Revenue, who are *not* named as defendants, acted within their scope of employment when they placed tax liens on the plaintiffs' properties. This Court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless, and the Court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Denton*, 504 U.S. at 31. Accordingly, if the plaintiffs had named individual employees of the South Carolina Department of Revenue as defendants, the claims against them individually should be summarily dismissed because they are "factually frivolous" and the Eleventh Amendment bars claims against them acting in their official capacities.

## **Recommendation**

Accordingly, it is recommended that the above-captioned case be dismissed *without prejudice* and without issuance and service of process. *See In Re Prison Litigation*

*Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources.").

***Each plaintiff's attention is directed to the very important notice on the following page.***

                                              s/William M. Catoe
                                              United States Magistrate Judge

October 25, 2007
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The plaintiffs are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **Post Office Box 10768**
> **Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).